# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESCOBAR, | 1:19-cv-00321-DAD-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| vs. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A § 1983 CLAIM, WITH LEAVE TO AMEND** |
| LIEUTENANT C. GARY, | **(ECF No. 1.)** |
| Defendant. | **THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.    BACKGROUND**

Plaintiff, Bryan Escobar, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 28, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On March 11, 2019, the case was transferred to this court.  (ECF No. 5.)

The Complaint is now before the court for screening.

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.     PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California.  The events at issue in the Complaint allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as the sole defendant, Lieutenant C. Gary.

Plaintiff's allegations are difficult to decipher.  The gravamen of the Complaint is that Plaintiff was wrongly charged and found guilty of a Rules Violation for fighting, resulting in a forfeiture of credits.  Plaintiff alleges that the guilty finding impacted his immediate release and led to a lengthening of his sentence, and defendants refused to reverse the guilty finding.  Plaintiff seeks an order reversing all punitive effects of the finding from his record.

Plaintiff also claims that his First Amendment rights to free exercise of religion and freedom of speech were violated. Plaintiff's allegations in support of these claims follow in their entirety:

> "My religion is Jesus Chirst [*sic*] and my Catholic religion gives me the right to express myself within my community, State & Federal. My freedom to petition from my english [*sic*] speech allows me to write any complain [*sic*] according to my protection of my civil citizens rights; I want to be release [*sic*] from prison as soon as possible, the institution did not help or denied my appeal.
>
> *I have file [*sic*] a petition a [for] Writ of Habeas Corpus to: Magistrate Judge Karen E. Scott; 2018 case: 2:19cv625 – U.S. District Court.
>
> I have exhausted my appeal to the third level [in] Sacramento, CA and now I am proceeding. (Cartwright v. Cupp; 9th Cir 1981) & (O'Sullivan v. Boerckel 9th 2000)."

(Compl. at 4.)

Plaintiff also claims that his Fourth Amendment rights were violated and that he was subject to retaliation. Plaintiff's allegations in support of these claims follow in their entirety:

> "I was in custody in a California State Institution that I feel violated my 4th Amendment [rights] upon movement in a search & seizure. I was assumed guilty, and given extra time."

(Compl. at 5.)

As relief, Plaintiff requests "the opportunity for Prop. 57 for pre-release & my RVR Disciplinary cleared and resolved for dismiss at CDCR – Sacramento, CA; from this relief get claim accepted for 'time restoration' qualification for Early Release."

(Compl. at 6.)

### IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Personal Participation

Plaintiff names only one defendant, Lieutenant C. Gary, but he fails to allege any facts showing that defendant C. Gary personally acted against him. Plaintiff fails to attribute any personal act to C. Gary. Plaintiff cannot state a claim against this defendant unless he demonstrates in his allegations that the defendant, identified by name, personally acted or failed

to act, violating Plaintiff's rights. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff shall be granted an opportunity to amend the complaint, to cure this deficiency.

### B.   Habeas Relief

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643-47 (1997).

#### 1.   Court's Order to Show Cause

On May 6, 2020, the court issued an order requiring Plaintiff to show cause why the Complaint should not be dismissed as barred by Heck, 512 U.S. 477 and Balisok, 520 U.S. 641. (ECF No. 10.)

#### 2.   Plaintiff's Response to the Order

On May 21, 2020, Plaintiff filed a response to the court's order:

"I would like compensation instruction and would proceed to get matters taken off my record and C File. My time given back to me for bad procedure at

5

his watch that was incorrect to my personal & physical injuries that be avoided for the next person under responsibility of CDCR. I am asking for injuries reestablish the compensation I need & deserve. I'm DDI – Communications & Same Statement."

(ECF No. 11.)

### 3. Discussion

According to Plaintiff's documentary evidence attached to the Complaint, Plaintiff filed at least one prison grievance or staff complaint against defendant Officer Lt. C. Gary on March 1, 2018, and a petition for writ of habeas corpus at the U.S. District Court for the Central District of California, on or about January 28, 2019.

However, Plaintiff submitted no evidence that an appeal was granted, that his conviction or sentence was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254, or that his credits were restored. Therefore, the court finds that Plaintiff's § 1983 claim based on his disciplinary hearing is barred by the favorable termination rule of Heck and Balisok, and thus shall be dismissed.

### C. First Amendment Claims

#### 1. Freedom to Exercise Religion

The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8, 67 S.Ct. 504, 91 L.Ed. 711 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].'" Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (alteration in original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. Hartmann, 707 F.3d at 1122 (citing see, e.g., O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, (1987); Pell v. Procunier, 417 U.S. 817, 822, (1974); Cruz, 405 U.S. at 322, 92 S.Ct. 1079). A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. Hartmann, 707 F.3d at 1122 (citing O'Lone, 482 U.S. at 348). To prevail on his Free Exercise claim, Plaintiff must allege facts plausibly showing that

the government denied him "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Hartmann, 707 F.3d at 1122 (quoting Cruz, 405 U.S. at 322, 92 S.Ct. 1079).

Plaintiff has not alleged any facts showing that defendant Gary acted in any way to deny Plaintiff an opportunity to freely exercise his religion. Therefore, Plaintiff's free exercise claim shall be denied.

### 2. Freedom of Speech

The First Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, provides, inter alia, that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I; see Everson, 330 U.S. at 157. Prisoners "clearly retain protections afforded by the First Amendment . . ." O'Lone, 482 U.S. at 348 (citations omitted), superseded by statute on other grounds, 42 U.S.C. §§ 2000cc, et seq.

As a consequence of incarceration, however, a prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001). Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell, 417 U.S. at 822 ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (citations and internal quotation marks omitted); Bell v. Wolfish, 441 U.S. 520, 545 (1979); Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001).

Plaintiff alleges that his rights to freedom of speech under the First Amendment were violated, but Plaintiff has not made any allegations against defendant Gary for personally acting to burden Plaintiff's ability to express himself. Therefore, Plaintiff fails to state a claim for violation of his rights to freedom of speech.

### D. Prison Appeals Process

   To the extent that Plaintiff seeks to bring a due process claim against Defendant for improperly handling or responding to Plaintiff's prisoner appeals, Plaintiff fails to state a claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

   "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

   Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance

v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. 2017).

Thus, any allegation by Plaintiff that defendant Gary failed to properly process Plaintiff's appeals fails to state a cognizable claim.

### E. Fourth Amendment Search and Seizure

Plaintiff's Fourth Amendment claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson v. Palmer, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson, 468 U.S. at 524; Pell, 417 U.S. at 822. An inmate's Fourth Amendment rights are among the rights subject to curtailment. In particular, the Fourth Amendment does not protect an inmate from the seizure and destruction of his property. Id. at 528 n. 8. It is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. See id at 527-28; Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985).

Plaintiff does not allege that the defendant, or someone acting at his direction, searched Plaintiff or his cell and seized property. Moreover, Plaintiff is not entitled to privacy in his cell or Fourth Amendment protection against unreasonable searches and seizures. Therefore, Plaintiff claim for violation of the Fourth Amendment fails.

### F. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Here, Plaintiff fails to state a claim for retaliation against defendant Gary because he has not alleged that defendant Gary personally acted against him. However, even if Plaintiff identified defendant Gary, he would still not state a claim against him because he has not shown a connection between an adverse action by defendant Gary and Plaintiff's filing of his appeal, or other exercise of his rights under the First Amendment. Nor has Plaintiff alleged that an adverse action chilled his exercise of First Amendment rights. Therefore, Plaintiff fails to state a retaliation claim against defendant Gary. Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies in his claims found by the court. Plaintiff shall be granted thirty days in which to file an amended complaint.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against the Defendant for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies identified above. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant is involved.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).  Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after February 28, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on February 28, 2019, is dismissed for Plaintiff's failure to state a claim upon which relief may be granted under § 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00321-GSA-PC; and

5.     Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to comply with the court's order.

IT IS SO ORDERED.

Dated:   **May 27, 2020**                             **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE