# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESCOBAR,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LIEUTENANT C. GARY,<br><br>　　　　　Defendant. | 1:19-cv-00321-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 14.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I.     BACKGROUND

Plaintiff, Bryan Escobar, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 28, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On March 11, 2019, the case was transferred to this court.  (ECF No. 5.)  On May 28, 2020, the court issued a screening order dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 13.)  On June 8, 2020, Plaintiff filed the First Amended Complaint which is now before the court for screening.  28 U.S.C. § 1915.  (ECF No. 14.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. The events at issue in the First Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Lieutenant C. Gary; CDCR Prison, CA; Corcoran, CA; DDI Mental Health Dept.; Warden-Supervisor; and Captain-Assistant (collectively, "Defendants.").

Plaintiff's allegations are difficult to decipher.  The gravamen of the First Amended Complaint is that Plaintiff was wrongly charged and found guilty of a Rules Violation for fighting, resulting in a forfeiture of credits.

Plaintiff's first claim reads as follows:

> "8th Amendment cruel and unusual punishment at prison with liberty (Azeez 568 F.) Spencer v. Moore, the argument that anyone violates knowingly Green, Haney v. Htay (2017).  Liberty to have freedom at prison level where violence on an inmate has right to appeal, restitution, and demand correction due process at "substantive" [illegible] and justice from injuries and evidence of medical.  Prop 57 – early release and etc. (please clear my name) & from relief get claim accepted for time restoration deserved qualification.  C. Gary Lt. added more time & pers. emotional distress suit.  1. Relief, remedy, comp. 2. 2nd hearing 3. (injuries, deny my right to appeal).

Plaintiff's second claim reads as follows:

> Due Process – for 2nd hearing, restitution, and remedy to actor.  Check again my due process for compensation of injuries in civil suit or remedy "iceberg syndrome" as of color of code on duty.  Cross examination and examine my case. 1983 amend [illegible] curing the deficiencies (none) at "cognizable" Edw. v. Balisok (1997) to case number #1:19-cv-00321-GSA-PC at bullet 4 to response Pg. 11 (personal act: injuries in medical procedure results of being victimize) in reference [sic] to "my religion is Catholic, right petition English speech allowed protection civil citizen rights," Writ of Habeas Corpus – Sacramento, CA Boercke 1 9th 2000.  I was in custody at California Corcoran State Prison and fully understand of 1-10 Constitutional amendment rights as provided that search & seizure was found guilty when I was battered & punished  42 U.S.C. § 1983 Hall v. City of Los Angeles F.3d (9th) 2012.  Lieutenant C. Gary omits to perform under 'quoting' (Johnson v. Duffy 588 F.2d740, 743 (1978) as to self defense hearing. Screening law 28 U.S.C.§ 1915A.  "I said: I was assaulted x3 times, no action" seized illegally and Court take control of the action amendment 8, 9, 10] [1] – self defense and he [illegible] self discrimination, also federal laws to Amend 7.

(First ACP at 6-7.)

Plaintiff's request for relief:

> I would like compensation instruction and would proceed to get matters taken off my record and C-File.  My time given back to me for bad procedure at "his" watch that was incorrect to my personal & physical injuries that be avoided for the next person under responsibility "injuries" of CDCR.  I am asking for injuries reestablish the compensation I need & deserve.

(Id. at 7.)

///

///

///

3

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

### A. **Personal Participation**

Plaintiff fails to allege any facts showing that any of the individual defendants -- Lieutenant C. Gary, Warden-Supervisor, or Captain-Assistant -- personally acted against him. Plaintiff cannot state a claim against a defendant unless he demonstrates in his allegations that the defendant, identified by name, personally acted or failed to act, violating Plaintiff's rights. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff has not alleged any facts showing personal conduct by any of the individual defendants against him. Therefore, the court finds that Plaintiff fails to state any claims against any of the individual defendants, Lieutenant C. Gary, Warden-Supervisor, or Captain-Assistant.

### B. **Eleventh Amendment Immunity**

It appears that Plaintiff brings claims against the California Department of Corrections and Rehabilitation (CDCR) and the state prison in Corcoran, California. However, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684 (1993); Tennessee v. Lane, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits against a state's agencies. See Puerto Rico Aqueduct, 506 U.S. at 144; Brooks, 951 F.2d at 1053; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005). Thus, the CDCR is entitled to Eleventh Amendment immunity. In addition, California prisons are entitled to Eleventh Amendment immunity. Lopez v. Wasco State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing Keel v. California Dept. of Corrections and Rehabilation, 2006 WL

///

1523121, *2 (E.D. Cal. 2006)). Therefore, defendants CDCR and the state prison in Corcoran are entitled to Eleventh Amendment immunity and must be dismissed.

Thus, Plaintiff fails to state a claim against defendant CDCR or the state prison in Corcoran.

### C. Habeas Relief

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643-47 (1997).

#### 1. Court's Order to Show Cause

On May 6, 2020, the court issued an order requiring Plaintiff to show cause why the Complaint should not be dismissed as barred by Heck, 512 U.S. 477 and Balisok, 520 U.S. 641. (ECF No. 10.)

#### 2. Plaintiff's Response to the Order

On May 21, 2020, Plaintiff filed a response to the court's order:

> "I would like compensation instruction and would proceed to get matters taken off my record and C File. My time given back to me for bad procedure at his watch that was incorrect to my personal & physical injuries that be avoided for the next person under responsibility of CDCR. I am asking for injuries

> reestablish the compensation I need & deserve.  I'm DDI – Communications & Same Statement."

(ECF No. 11.)  Plaintiff's response did not indicate that Plaintiff's finding of guilt for the Rules Violation has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

### 3. Discussion

According to Plaintiff's documentary evidence attached to the First Amended Complaint, Plaintiff filed at least one prison grievance and a petition for writ of habeas corpus at the U.S. District Court for the Central District of California.  However, Plaintiff submitted no evidence to this court that an appeal was granted or that his conviction or sentence was reversed, expunged, declared invalid, called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254, or that his credits were restored.  Therefore, the court finds that Plaintiff's § 1983 claim based on his disciplinary hearing for a Rules Violation is barred by the favorable termination rule of Heck and Balisok, and thus this claim shall be dismissed, without prejudice to filing a petition for writ of habeas corpus.

### D First Amendment Claims

#### 1. Freedom to Exercise Religion

The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8, 67 S.Ct. 504, 91 L.Ed. 711 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].'" Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (alteration in original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. Hartmann, 707 F.3d at 1122 (citing see, e.g., O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, (1987); Pell v. Procunier, 417 U.S. 817, 822, (1974); Cruz, 405 U.S. at 322, 92 S.Ct. 1079).  A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. Hartmann, 707 F.3d at 1122 (citing O'Lone, 482 U.S. at 348).  To prevail on his Free Exercise claim, Plaintiff must allege facts plausibly showing that

the government denied him "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Hartmann, 707 F.3d at 1122 (quoting Cruz, 405 U.S. at 322, 92 S.Ct. 1079).

Plaintiff alleges in the First Amended Complaint that he belongs to the Catholic religion. To the extent that Plaintiff seeks to bring a First Amendment free exercise claim, Plaintiff fails to state a claim. Plaintiff has not alleged any facts showing that any of the Defendants acted in any way to deny Plaintiff an opportunity to freely exercise his religion. Therefore, Plaintiff's free exercise claim shall be denied.

### 2. **Freedom of Speech**

The First Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, provides, inter alia, that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I; see Everson, 330 U.S. at 157. Prisoners "clearly retain protections afforded by the First Amendment . . ." O'Lone, 482 U.S. at 348 (citations omitted), superseded by statute on other grounds, 42 U.S.C. §§ 2000cc, et seq.

As a consequence of incarceration, however, a prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001). Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell, 417 U.S. at 822 ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (citations and internal quotation marks omitted); Bell v. Wolfish, 441 U.S. 520, 545 (1979); Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001).

To the extent that Plaintiff seeks to bring a claim that that his rights to freedom of speech under the First Amendment were violated, Plaintiff also fails to state a claim. Plaintiff has not made any allegations against any of the Defendants for acting to burden Plaintiff's ability to express

///

himself or otherwise burden his freedom of speech. Therefore, Plaintiff fails to state a claim for violation of his rights to freedom of speech.

### E. Prison Appeals Process

To the extent that Plaintiff seeks to bring a due process claim against any of the Defendants for improperly handling or responding to Plaintiff's prisoner appeals, Plaintiff fails to state a claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible.

Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. 2017).

Thus, any allegation by Plaintiff that any of the Defendants failed to properly process Plaintiff's appeals fails to state a cognizable claim.

### F. Fourth Amendment Search and Seizure

Plaintiff's Fourth Amendment claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson v. Palmer, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson, 468 U.S. at 524; Pell, 417 U.S. at 822. An inmate's Fourth Amendment rights are among the rights subject to curtailment. In particular, the Fourth Amendment does not protect an inmate from the seizure and destruction of his property. Id. at 528 n. 8. It is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. See id at 527-28; Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985).

Plaintiff does not allege in the First Amended Complaint that any of the Defendants searched Plaintiff or his cell, or seized any property. Moreover, Plaintiff is not entitled to privacy in his cell or Fourth Amendment protection against unreasonable searches and seizures. Therefore, Plaintiff claim for violation of the Fourth Amendment fails.

### G. Medical Claim – Eighth Amendment

Plaintiff appears to allege that he suffered injuries because of a medical procedure. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff fails to state a medical claim against any of the Defendants because he has not alleged facts showing that he had a serious medical need and that the risk of harm to his health was deliberately ignored, causing him injury.

**V.    CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against any of the Defendants under § 1983.  Therefore, the court shall recommend that this case be dismissed for failure to state a claim under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983.

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under § 1983.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED for failure to state a claim upon which relief may be granted under § 1983, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 16, 2020**              **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE